UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ISRAEL VALLE,                                    :

                              Plaintiff,    :    **REPORT AND**
                                                 **RECOMMENDATION**
             -against-                      :    **TO THE HONORABLE**
                                                 **LAURA TAYLOR SWAIN**

THE YMCA OF GREATER NEW YORK, _____ :
_____                                            05 Civ 5318 (LTS)(FM)
                              Defendant.    :


----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.    <u>Introduction</u>

_____Plaintiff Israel Valle ("Valle"), a former employee of defendant, the YMCA

of Greater New York ("YMCA"), brings this <u>pro se</u> employment discrimination action in

an effort to recover one hundred billion dollars in damages.  Valle contends that he is

entitled to this relief pursuant to, <u>inter alia</u>, Title VII of the Civil Rights Acts of 1964

("Title VII"), 42 U.S.C. § 2000e, <u>et seq.</u>; the Age Discrimination in Employment Act of

1967 ("ADEA"), 29 U.S.C. § 621, <u>et seq.</u>; and 42 U.S.C. § 1983.  The YMCA has moved

to dismiss his Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure ("Rule 12(b)(6)") for failure to state a claim.  (Docket Nos. 33-34).  Valle

opposes this motion.  (Docket No. 35).  For the reasons set forth below, I recommend that

the YMCA's motion be granted.

II.   Background

    A.   Procedural History

        Over the past several years, Valle has filed at least seven actions in this

District against the YMCA and others.  (See Docket No. 38 (Order to Show Cause) at 1

n.1).  He has filed additional actions against the YMCA and others in the United States

District Court for the Eastern District of New York.  (Id.; see also letter from M. Alexis

Pollack, Esq., to the Hon. Nicholas G. Garaufis, dated June 23, 2006 (seeking dismissal of

suit filed against the YMCA in the Eastern District in 2006 based upon the "first to file"

rule)).  As a consequence of the burden that Valle was imposing on this Court, pursuant to

a judgment dated December 29, 2004, Chief Judge Michael B. Mukasey prohibited him

from filing any further actions in this Court in forma pauperis without first obtaining the

Court's permission to do so.  (See Docket No. 5 (citing Valle v. United States, No. 04 Civ.

5738 (MBM) (S.D.N.Y. Jan. 13, 2005)).

        Valle's original Complaint in this action is dated March 21, was received by

the Pro Se Office of this Court on April 13, and was filed on June 6, 2005.  (See Docket

No. 2).  In addition to the YMCA, the Complaint named as defendants the United States

of America, the City and State of New York, and President Bush.  (Id.).  Thereafter, by

order dated June 6, 2005, Chief Judge Mukasey granted Valle's request to proceed in

forma pauperis against the YMCA, but denied him leave to proceed against the other

defendants, and directed Valle to amend his Complaint within sixty days to name only the

YMCA as a defendant.  (See Docket No. 5).

On July 13, 2005, Valle filed an Amended Complaint, which failed to comply with Chief Judge Mukasey's order.  (See Docket No. 6).  Consequently, by order dated August 9, 2005, Judge Mukasey directed Valle to amend his First Amended Complaint to name the YMCA as the sole defendant or face dismissal of this action.  (See Docket No. 7).

Valle's Second Amended Complaint is dated September 8 and was filed on September 14, 2005.  (See Docket No. 8).  After Valle attempted to file subsequent Amended Complaints, which did not comply with Judge Mukasey's prior directives, the case was reassigned to Your Honor on or about September 22, 2005.  (See Docket No. 9). On October 13, 2005, Your Honor issued an order directing that the case go forward based on Valle's Second Amended Complaint (dated September 8, 2005), solely to the extent that Valle asserted claims against the YMCA.  (See Docket No. 12).  That same day, the case was referred to me for general pretrial supervision and to report and recommend with respect to any dispositive motions.  (See Docket No. 18).

By order dated October 20, 2005, I directed Valle to serve the YMCA properly by December 16, 2005.  (See Docket No. 13).  I further directed that Valle's Third Amended Complaint be stricken because he previously had amended his Complaint once as of right and because his Third Amended Complaint violated the Court's instructions to proceed solely against the YMCA.  (Id.).

By letter dated October 16, 2005, Valle renewed his claim for one hundred billion dollars in compensatory and punitive damages, and directed the Court to send a copy of his letter to the YMCA. (See Docket No. 16). Previously, Valle had also directed the Court to send his pleadings to numerous defendants and nonparties. (See, e.g., Docket Nos. 8, 11). For that reason, by order dated October 20, 2005, Your Honor issued an order advising Valle to utilize the United States Marshals Service to execute service, rather than directing the Court to serve his documents. (See Docket No. 15).

On January 31, 2006, I issued a Report and Recommendation recommending that this action be dismissed without prejudice for failure to effect timely service, but later withdrew that document on February 21, 2006, after learning that the YMCA had accepted service of a prior pleading. (See Docket Nos. 19, 23). Subsequently, on February 14, 2006, the YMCA moved to dismiss the Second Amended Complaint with prejudice pursuant to Rule 12(b)(6). (See Docket Nos. 20-21).

By letter dated March 21, 2006, defendant's counsel, David R. Lagasse, Esq., notified the Court that Valle had filed a second EEOC Charge related to his March 6, 2006 termination by the YMCA. (See letter from David R. Lagasse, Esq., to the Court, dated Mar. 21, 2006). Mr. Lagasse also consented to litigate in this action any additional claims arising from Valle's termination. (Id.). Accordingly, by order dated April 5, 2006, I granted Valle leave to amend his Second Amended Complaint solely to assert additional claims against the YMCA arising out of his termination. (Docket No. 31).

On April 24, 2006, the <u>Pro Se</u> Office received Valle's Third Amended

Complaint, which mistakenly was captioned "Second Amended Complaint." (Docket No.

43). Despite this caption, Valle's latest pleading is henceforth referred to as the Third Amended Complaint.[1]

The YMCA answered the Third Amended Complaint on May 8, 2006. (Docket No. 32). Four days later, on May 12, 2006, the YMCA filed its motion to dismiss the Third Amended Complaint. (Docket Nos. 33-34). On May 15, 2006, Valle filed an affirmation in opposition to the YMCA's motion. (Docket No. 35). Valle's affirmation consists of two short paragraphs and states that the "[d]efendant(s) papers make it clear that the parties are acting fraudulently for selfish personal reasons contrast to the true facts concocting all allegations against [Valle] are all lies and contrary to the true facts having no moral goodness." (Id.).

B.    Factual History

"[A]n amended complaint ordinarily supersedes the original, and renders it of no legal effect." Harris v. City of New York, 186 F.3d 243, 249 (2d Cir. 1999) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)). Nonetheless, a pro se plaintiff's complaint is "held to less stringent standards" and should be "construed liberally." Oyekoya v. U.S., 108 F. Supp. 2d 315, 317 (S.D.N.Y. 2000). For this reason, I have culled the facts from Valle's various pleadings and their attachments and, for present purposes, have assumed that they are true.

---

[1]       Valle filed a nearly identical employment discrimination claim in the Eastern District of New York on April 26, 2006. (See letter from David R. Lagasse, Esq., to the Hon. Nicholas G. Garaufis, dated May 17, 2006, Ex. A).

Valle is a Puerto Rican male born on May 12, 1945. (Third Am. Compl. ¶ 7). From in or around 2002, Valle was an employee of the YMCA, Jamaica Branch, located at 89-25 Parsons Boulevard, Jamaica, Queens. (Id. ¶ 3; Valle's undocketed Affirm. in Supp. of Am. Order to Show Cause, dated July 13, 2005 ("7/13 OSC Affirm."), at 31). His Letter of Employment, dated June 18, 2002, states that his "[e]mployment with the YMCA . . . is not for any specific term (except seasonal)[,] and may be terminated at any time for any reason . . . ." (7/13 OSC Affirm. at 31). The Letter of Employment, which is a form, also directs the employee to "sign . . . in the space provided indicating that you have received [the letter] and . . . agree to its contents." (Id.). Valle's signature appears in the designated space below. (Compare id. with Third Am. Compl. at 22).

On or about June 14, 2002, the YMCA issued promotional materials for an exercise workshop entitled Papi Chulo Production's "Three Step Salsa Plus Workshop." (Second Am. Compl. at 6-7). Valle alleges that by doing so, the YMCA breached a contract to co-develop the workshop, misappropriated his business plan, and failed to pay him an agreed salary rate. (Id.). In connection with his Papi Chulo Production claim, Valle filed an action in Small Claims Court, Queens County, and consented to arbitration. (Id. at 7). On September 18, 2002, Valle was awarded a judgment of $114. (Id.).

Valle alleges that on July 22, 2002, Cedric Dew ("Dew"), the Executive Director of the Jamaica Branch of the YMCA, wrongfully terminated Valle's employment. (Third Am. Compl. ¶ 8(A)). Nevertheless, it appears that Valle remained a

YMCA employee. Indeed, in November 2002, Vallee received a "below average" performance evaluation. (7/13 OSC Affirm. at 43-46). In the evaluation, Sheila Hawkins ("Hawkins"), Health and Wellness Director of the YMCA Jamaica Branch, assessed that: Valle's output met minimum job requirements; he could be relied on in some circumstances; he had evident difficulty working with others and communicating; he was unwilling to accept responsibility; and he tended to show poor judgment. (Id. at 44). In the "employee review" portion of the form, Valle objected that the YMCA had "submitted an inaccurate, unfavorable [review] supposedly accusing me of poor performance and incompetence." (Id. at 46). Although he urged that the Jamaica Branch management be "admonished, censured and removed," (see id.), Valle again received a poor evaluation in November 2004. (See Second Am. Compl. at 20).

Valle filed a Charge with the federal Equal Employment Opportunity Commission ("EEOC") on December 24, 2004. (Id.). In his EEOC Charge, Valle alleged that the YMCA had discriminated against him based on his race, sex, age, and national origin, and he also alleged retaliation. Valle also claimed to have been the victim of "intimidation/reprisal" and an "inconsistent job performance evaluation." (Id.). In the particulars portion of the Charge, Valle stated in part:

> My supervisor told me in a meeting that I received . . . unsatisfactory faulty or flawed performance appraisals instead of a positive performance appraisals because I was a disruptive, uncooperative and complaining worker who had difficulty taking direction from management officials, and others in supervisory roles, but I believe that I was penalized because I took steps to ensure a right granted by the state

<u>constitution</u>, and I have been injured, thereby.

> I believe that [the YMCA] retaliated against me because I oppose the policy and practice that I in good faith believed unlawful under Title VII . . ., [the EPA], [the ADEA], and the Civil Rights Act of 1991, and suffered an adverse action based on the opposition and have only been the subject of the action because of my opposition.

(<u>Id.</u>) (emphasis in the original).

Valle also alleges that he applied for an unspecified "managerial position" and "never even got an interview." (Third Am. Compl. ¶ 8(C)). He does not indicate when this occurred. (<u>Id.</u>). Valle alleges that on January 16, 2006, Hawkins "decided to replace . . . [him] with a younger work force in order to attract younger members." (<u>Id.</u> ¶ 8(E)). Valle further alleges that on January 23, 2006, Hawkins "intended to cause an inconvenience, annoyance or alarm" to Valle by "creating a risk thereof or by engaging in fighting or in violent, tumultuous or threatening behavior in violation of [Section] 240.20 of the Penal Law." (<u>Id.</u> ¶ 8(F)).

On January 27, 2005, the EEOC dismissed Valle's Charge because "[t]he facts alleged . . . fail[ed] to state a claim under any of the statutes enforced by the EEOC." (Second Am. Compl. at 19-20). Valle was issued a Right to Sue Letter and, thereafter, commenced this action by submitting his Complaint to the <u>Pro</u> <u>Se</u> Office on April 13, 2005. (<u>See</u> <u>id.</u>; Docket No. 2).

On June 8, 2005, Valle received a letter from the Social Security Administration, stating that the YMCA had withheld social security taxes and that he

might be entitled to a refund for the 2004 tax year. (Third Am. Compl. at 8). According to Valle, the YMCA never responded to his inquiries regarding the tax refund. (Id.).

After Valle filed this lawsuit, Al Bronson ("Bronson"), a YMCA employee, accused Valle of disorderly conduct on or about February 20, 2006. (Third Am. Compl. ¶ 8(F)). In addition, on March 6, 2006, Hawkins observed Valle's Low Impact Aerobic class in response to complaints received from YMCA members. (Id. Ex. A). The YMCA alleges that Valle yelled at Hawkins when she entered the classroom and told her to leave. (Id.). The YMCA further alleges that Valle refused to speak with Dew about the incident. (Id.). It is undisputed that the YMCA thereafter terminated Valle's employment effective March 6, 2006. (Id. ¶ 8(B) & Ex. A).

In March 2006, Valle filed a second Charge with the EEOC as a consequence of his termination. (Id. ¶ 12). On March 24, 2006, the EEOC dismissed that Charge and issued Valle a Right to Sue letter. (Id.; see also Docket No. 47 (Order dated July 5, 2006)).

III.     Discussion

        A.     Standard of Review



In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Harris, 186 F.3d at

247; Bolt Elec., Inc. v. City of New York., 53 F.3d 465, 469 (2d Cir. 1995).  However,

"[l]egal conclusions, deductions or opinions couched as factual allegations are not given a

presumption of truthfulness."  United States v. Bonanno Organized Crime Family of La

Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989); see also Albany Welfare Rights Org. Day

Care Center, Inc. v. Schreck, 463 F.2d 620, 623 (2d Cir. 1972) ("[m]ere conclusory

allegations do not provide an adequate basis for the assertion of a claim").  The court may

grant the defendant's motion only when "it appears beyond doubt . . . that the plaintiff can

prove no set of facts [in support of his claim] which would entitle him to relief."  Secs.

Investor Prot. Corp. v. BDO Seidman, LLP, 222 F.3d 63, 68 (2d Cir. 2000) (quoting

Jaghory v. N.Y.S. Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)).  In considering that

issue, the court must limit itself to "the facts stated in the complaint, documents attached to

the complaint as exhibits and documents incorporated by reference in the complaint."

Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

     Although the same rules apply to a pro se plaintiff, pro se complaints "are

held to less stringent standards than formal pleadings drafted by lawyers, and are to be

construed liberally."  Oyekoya, 108 F. Supp. at 317 (quoting Santiago v. Meinsen, 89 F.

Supp. 2d 435, 438 (S.D.N.Y. 2000)); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976)

(same); Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002) ("Since most pro

se plaintiffs lack familiarity with the formalities of pleading requirements, we must

construe pro se complaints liberally, applying a more flexible standard to evaluate their

sufficiency than we would when reviewing a complaint submitted by counsel") (quoting

Lerman v. Bd. of Elections, 232 F.3d 135, 139-40 (2d Cir. 2000)).

      B.     Title VII and ADEA Claims

      Title VII provides, in relevant part:

> It shall be an unlawful employment practice for an employer –
> (1) . . . to discharge any individual, or otherwise to
> discriminate against any individual with respect to his
> compensation, terms, conditions, or privileges of employment,
> because of such individual's race, color, religion, sex, or
> national origin.

42 U.S.C. § 2000e-2(a).

      Similarly, under the ADEA, it is unlawful for "an employer . . . to discharge

any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such

individual's age."  29 U.S.C. § 623(a)(1).

      Under either statute, at the pleading stage, a plaintiff is not required to

establish a prima facie case of discrimination in order to survive a defendant's motion to

dismiss.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).  Rather, an

employment discrimination complaint need contain only "a short and plain statement of

the claim showing that the pleader is entitled to relief" in accordance with Rule 8(a) of the

Federal Rules of Civil Procedure ("Rule 8(a)").  Id. at 508.  Such a statement is adequate if

it provides "the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests." Id. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Nonetheless, a complaint consisting of only bald assertions and setting forth no facts upon which a court could find a violation fails to state a claim under Rule 12(b)(6). See, e.g., Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1271 (11th Cir. 2004) (Swierkiewicz "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based"); Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("From [the discussion in Swierkiewicz of the pleading forms annexed to the Federal Rules of Civil Procedure], we intuit that, in a civil rights action, as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally."); Giaccio v. City of New York, No. 04 Civ. 3652 (RWS), 2005 WL 95733, at *5 (S.D.N.Y. Jan. 19, 2005) ("Notwithstanding the lenient requirements of Rule 8(a)(2) articulated in Swierkiewicz, conclusory allegations are insufficient to withstand a motion to dismiss.").

In his Third Amended Complaint, Valle asserts that Hawkins "decided to replace . . . Valle[] with a younger work force in order to attract younger members." (Third Am. Compl. ¶ 8(E)). Yet, he offers no facts to support this assertion. He does not provide the names of these "younger members," the dates of their employment, their

positions, or any other identifying information which would support his ADEA claim.

In addition, Valle pleads no facts whatsoever in relation to his claims of discrimination

based on race, gender, and national origin under Title VII. Accordingly, Valle's Title VII

and ADEA claims should be dismissed.

     C.    <u>Retaliation Claims</u>

       Under Title VII and the ADEA, it is unlawful for an employer to retaliate

against an employee who has exercised his statutory right to complain about conduct that

he considers discriminatory. <u>See</u> <u>Slattery v. Swiss Reinsurance Am. Corp.</u>, 248 F.3d 87,

94 (2d Cir. 2001). A retaliation claim is "not dependent on the merits of the underlying

discrimination complaint." <u>Davis v. State Univ. of New York</u>, 802 F.2d 638, 642 (2d Cir.

1986). To establish a prima facie case of retaliation under Title VII and the ADEA, an

employee must show that: (1) he engaged in a protected activity; (2) the employer knew

of this activity; (3) the employer took adverse action against the employee; and (4) there

was a causal relation between the adverse action and the employee's protected activity.

<u>See</u> <u>Cifra v. Gen. Elec. Co.</u>, 252 F.3d 205, 216 (2d Cir. 2001); <u>Holt v. KMI-Cont'l, Inc.</u>,

95 F.3d 123, 130 (2d Cir. 1996).

       Although Valle is not required to establish a prima facie case of retaliation to

survive the YMCA's motion to dismiss, he still must provide "a short and plain statement

of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). In his Third

Amended Complaint and other documents, Valle has failed to satisfy this requirement.

Insofar as relevant, Valle's Third Amended Complaint alleges that on January 23, February 20, and March 6, 2006, the YMCA unlawfully retaliated against him by filing false complaints about him and ultimately firing him. (Third Am. Compl.     ¶¶ 8(B), (C), (F)). Valle further alleges in his retaliation claim that the YMCA or its employees "falsely seized, assaulted and laid hold" of him, "intended to cause [him] an inconvenience, annoyance or alarm," and engaged "in fighting or in violent, tumultuous or threatening behavior" in violation of Section 240.20 of the New York Penal Law, which proscribes disorderly conduct. (Id. ¶ 8(F)). Also, in his first EEOC Charge, Valle asserts: "I believe that [the YMCA] retaliated against me because I oppose the policy and practice that I in good faith believed unlawful . . . ." (See Second Am. Compl. at 20). Although the Court must accept Valle's factual allegations made in the Complaint as true and draw all reasonable inferences in his favor, his "[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d at 27. Here, Valle's allegations of retaliation are merely "conclusory allegations." Accordingly, Valle's retaliation claims should be dismissed.

D.    Section 1983 and Constitutional Claims

Section 1983 provides, in pertinent part, that:

[e]very person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State . . . subjects, or
causes to be subjected, any citizen of the United States . . . to

the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party injured
in an action at law, suit in equity, or other proper proceeding
for redress . . . .

42 U.S.C. § 1983.

The statute does not create any independent rights, but is simply a vehicle for enforcing such rights.  Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).  A plaintiff is required to show state action to vindicate a constitutional right under Section 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."); United States v. Int'l Bhd. of Teamsters, 941 F.2d 1292, 1295 (2d Cir.1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"); see also Daniel v. Safir, 135 F. Supp. 2d 367, 373 (E.D.N.Y. 2001) ("It is fundamental that state action is a required element of a claim for a constitutional violation.").  Here, the Court can take judicial notice that the YMCA is a private not-for-profit corporation, not a state actor.  See YMCA of Greater New York v. Brandt, 466 N.Y.S.2d 139, 140-41 (Civ. Ct. N.Y. County 1983) ("In 1971, the YMCA of the City of New York . . . and the YMCA of Brooklyn and Queens were consolidated under Section 1404 of the Not-for-Profit Corporation Law as the YMCA of Greater New York.").  Therefore, Valle's Section

1983 claim should be dismissed, as should his First Amendment claim.  (See Third Am.

Compl. at 8-9).

      E.      <u>Negligence Claims</u>

      Valle's Third Amended Complaint also alleges various negligence claims

against the YMCA in a paragraph set forth on the very first page above the caption.  (See

Third Am. Compl. at 1).  Specifically, Valle indicates that he is bringing claims for

negligence in hiring and retaining, negligence in training and supervising, and negligence

in performing of duties.  (Id.).  To the extent that these claims are addressed to the actions

of his supervisors and seek to vindicate his rights under the federal employment laws, they

are wholly conclusory and, therefore, must be dismissed.[2]  To the extent these claims seek

to impose tort liability on the YMCA, they are barred by the New York Workers'

Compensation law, which provides the exclusive remedy for employee injuries caused by

an employer's negligence in the course of employment.  <u>See</u> N.Y. Workers' Comp. Law

§§ 10, 11, 29(6) (2003) (McKinney 2004); <u>see also</u> <u>Ferris v. Delta Air Lines, Inc.</u>, 277

F.3d 128, 138 (2d Cir. 2001) (holding that the Workers' Compensation law barred an

employee's claims of negligent retention and supervision against an employer arising out

of a fellow employee's sexual assault); <u>Brass v. World Wrestling Fed'n Entm't</u>, 129 F.

---

[2]      The only detail regarding his negligence claims that Valle provides is an assertion that "[o]n November 23, 2004, [he] received an illegal or negligently handled performance appraisal[]."  (Second Am. Compl. at 20).  Despite the inclusion of a specific date, this statement too is wholly conclusory.

Supp. 2d 491, 509-10 (E.D.N.Y. 2001) (same).

    F.    <u>Malicious Prosecution</u>

        Valle also asserts a claim of malicious prosecution. (Third Am. Compl. at 1). The elements of a claim for malicious prosecution are "(1) the initiation of a criminal proceeding by the defendant against the plaintiff, (2) termination of the proceeding in favor of the accused, (3) lack of probable cause, and (4) malice." <u>Brown v. Sears Roebuck & Co.</u>, 297 A.D.2d 205, 208 (1st Dep't 2002). Failure to establish any one of these elements defeats the claim. <u>Hoyt v. City of New York</u>, 284 A.D.2d 501, 502 (2d Dep't 2001). Here, the YMCA is a private actor which has not commenced a criminal proceeding against Valle. Valle's malicious prosecution claim, therefore, must be dismissed.

    G.    <u>Wrongful Discharge Claim</u>

        Valle's Third Amended Complaint also apparently alleges a wrongful discharge claim. (<u>See</u> Third Am. Compl. ¶ 4(B)). New York law does not recognize a wrongful discharge claim for at-will employees. <u>See</u> <u>Murphy v. Am. Home Prods. Corp.</u>, 58 N.Y.2d 293, 300 (1983) ("Where an employment is for an indefinite term it is presumed to be a hiring at[-]will which may be freely terminated by either party at any time for any reason or even for no reason."). Here, Valle's employment agreement explicitly states that "[e]mployment with the YMCA . . . is not for any specific term (except seasonal); and may be terminated at any time for any reason . . ." (7/13 OSC Affirm. at 31). Therefore, Valle's wrongful discharge claim must fail because he was an at-will

employee.

      H.    <u>Intentional Infliction of Emotional Distress Claim</u>

        Valle also claims that the YMCA intentionally inflicted emotional distress upon him.  (Third Am. Compl. ¶ 4(G)).  To establish a claim for intentional infliction of emotional distress, Valle must show:  "(1) extreme and outrageous conduct; (2) intent to cause or disregard of a substantial probability of causing severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." <u>Stuto v. Fleischman</u>, 164 F.3d 820, 827 (2d Cir. 1999).  The first of these elements requires the alleged misconduct to be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."  <u>Murphy</u>, 461 N.Y.S.2d at 236; <u>accord</u> <u>Walsh v. Nat'l Westminster Bancorp., Inc.</u>, 921 F. Supp. 168, 174 (S.D.N.Y. 1995); <u>Holwell v. New York Post Co.</u>, 81 N.Y.2d 115, 121 (1993).  Whether the conduct alleged meets this threshold is a question of law for the Court to decide.  <u>Sgarlata v. Viacom, Inc.</u>, Nos. 02 Civ. 7234, 03 Civ. 5228 (RCC), 2005 WL 659198, at *8 (S.D.N.Y. Mar. 22, 2005).

        Suffice it to say, even if everything that Valle alleges in all of his pleadings is taken at face value, it does not rise to the extraordinary level necessary to give rise to an intentional infliction of emotional distress claim.  Moreover, Valle has not alleged that he suffered "severe emotional distress" causally related to the YMCA's heinous conduct.  It

follows that Valle's intentional infliction of emotional distress claim must be dismissed.[3]

I.      RICO Claims

Valle also alleges RICO violations.  (See Third Am. Compl. ¶ 8(G)).  To state a RICO claim, a plaintiff must allege:  (1) a violation of 18 U.S.C. § 1962; (2) an injury to business or property; and (3) causation of the injury by the violation.  See Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 904 (2d Cir.1996).  A violation of Section 1962, in turn, requires proof of, inter alia, a "pattern of racketeering activity."  Id. (quoting 18 U.S.C. § 1962).  "Racketeering activity" includes "the commission of specified state-law crimes, conduct indictable under various provisions within Title 18 of the United States Code, including mail and wire fraud, and certain other federal offenses."  Id.  In order to prove a pattern, a "plaintiff must plead at least two predicate acts and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity."  GICC Capital Corp. v. Tech. Fin. Group,

_____

[3]      Valle's Third Amended Complaint could also be liberally construed to assert a hostile work environment claim under Title VII or the ADEA.  (See e.g., Third Am. Compl. ¶ 8(C) ("I believe the Defendant(s) inflicted the distress trying to force me to resign.")).  To rise to the requisite level, however, Valle must allege "harassment . . . so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment." Clark County Sch. Dist. v. Breedon, 532 U.S. 268, 270 (2001) (quoting Faragher v. Boca Raton, 524 U.S. 775, 786 (1998) (brackets in the original; internal quotation marks omitted)).  Isolated incidents of harassment, unless "extremely serious," are not sufficient to create such a hostile work environment.  See Breedon, 532 U.S. at 271; Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000); see also Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997) (incidents of harassment must be "more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.").  Here, apart from his conclusory assertions, Valle has not alleged any facts which suggest that he could establish a hostile work environment claim.

Inc., 67 F.3d 463, 465 (2d Cir.1995) (internal citation omitted).

Here, Valle has failed to meet these basic pleading requirements.  In his Third Amended Complaint, Valle alleges that he "believe[s] [he has] been the victim of a fraudulent or illegal business practice."  (Third Am. Compl. at 8).  In support of this assertion, Valle notes that he received a letter from the Social Security Administration, dated June 8, 2005, stating that the YMCA withheld social security taxes and that he may be due a refund.  (Id.).  He also indicates that the YMCA did not reply to Valle's inquiry regarding the possible social security credit.  (Id.).  These allegations – indeed, all of the

allegations in his Third Amended Complaint – are insufficient to establish a pattern of racketeering activity. Valle's RICO claims should therefore be dismissed.

      J.     <u>Slander Claim</u>

        Valle also alleges that he was slandered. (Third Am. Compl. ¶ 4(G)). Under New York law, the elements of a cause of action for slander are: "([1]) a defamatory statement of fact, ([2]) that is false, ([3]) published to a third party, ([4]) of and concerning the plaintiff, ([5]) made with the applicable level of fault on the part of the speaker, ([6]) either causing special harm or constituting slander per se, and ([7]) not protected by privilege." <u>Albert v. Loksen</u>, 239 F.3d 256, 265-66 (2d Cir. 2001). Although Valle is not required to plead his slander claim with particularity to survive dismissal under Rule 12(b)(6), he must allege the words spoken which serve as the basis of the slander claim in his Complaint. <u>See</u> <u>Daniels v. Alvarado</u>, No. 03 Civ. 5832 (JBW), 2004 WL 502561, at *8 (E.D.N.Y. Mar. 12, 2004) (dismissing slander claim because plaintiff failed to allege "words spoken by [the defendants] that could be construed as an oral defamation"). Valle does not make reference to any defamatory statements or words in any of his pleadings. Therefore, this claim should be dismissed.

      K.     <u>Other Claims</u>

        In his Third Amended Complaint, Valle sets forth various additional claims, some of which are described as "violation of code of conduct-standards of ethical behavior," "abnormal conditions," "official misconduct," and "intimidation and reprisal." (<u>See</u> Third Am. Compl. at 1, 3). None of these causes of action gives rise to a claim

recognized under federal or New York state law. Accordingly, all of these remaining claims should be dismissed.

IV.    Conclusion

        For the foregoing reasons, the defendant's motion should be granted and Valle's Third Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. In addition, Valle should be denied a certificate of appealability because any appeal from the dismissal of his claims would not be taken in good faith.[4]

V.    Notice of Procedure for Filing of Objections to this Report and Recommendation

        The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Laura Taylor Swain, at the United States Courthouse, 40 Centre Street, New York, New York 10007, to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. Any requests for an extension of time for filing objections must be directed to Judge Swain. The failure to file timely objections will result in a waiver of

---

[4]    If Your Honor accepts this recommended disposition, Valle's various applications for the appointment of counsel also should be denied.

those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Fed.

R. Civ. P. 6(a), 6(e), 72(b).

Dated:      New York, New York
            July 6, 2006


                                        _____
                                        FRANK MAAS
                                        United States Magistrate Judge



Copies to:

Honorable Laura Taylor Swain
United States District Judge

Israel Valle
119-23 145th Street
South Ozone Park, New York 11436

David R. Lagasse, Esq.
Dreier, LLP
(212) 652-3789 (fax)