UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISRAEL VALLE,

                          Plaintiff,                                05 Civ. 5318 (RPP)

       - against -                                              **OPINION AND ORDER**

THE UNITED STATES OF AMERICA, GEORGE
WALKER BUSH, INDIVIDUALLY AND AS A
PRESIDENT AND COMMANDER IN CHIEF,

JURY DEMAND

UNITED STATES OF AMERICA, STATE OF
NEW YORK, INDIVIDUALLY AND AS A U.S.
GOVERNMENT AGENCY, OFFICERS OR
EMPLOYEES OF THE UNITED STATES (28
U.S.C. 1391(e) (1992 & supp. 1992) OF [FEDERAL
DEFENDANT SUPERIOR] UNITED STATE [sic]
OF AMERICA; UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK,
INDIVIDUALLY AND AS A U.S. GOVERNMENT
AGENCY, OFFICERS OR EMPLOYEES OF THE
UNITED STATES (28 U.S.C. 1391(e) (1992 & supp. 1992)
OF [FEDERAL DEFENDANT SUPERIOR] UNITED
STATE [sic] OF AMERICA; CITY OF NEW YORK,
INDIVIDUALLY AND AS A U.S. GOVERNMENT
AGENCY, OFFICERS OR EMPLOYEES OF THE
UNITED STATES (28 U.S.C. 1391(e)
(1992 & supp. 1992) OF [FEDERAL DEFENDANT
SUPERIOR] UNITED STATE [sic] OF AMERICA;
UNITED STATES COURT OF APPEALS FOR THE
SECOND CIRCUIT, INDIVIDUALLY AND AS A U.S.
GOVERNMENT AGENCY, OFFICERS OR
EMPLOYEES OF THE UNITED STATES
(28 U.S.C. 1391(e) (1992 & supp. 1992) OF [FEDERAL
DEFENDANT SUPERIOR] UNITED STATE [sic] OF
AMERICA,

                                  Defendants.
-----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On June 19, 2006, Plaintiff Israel Valle, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, filed a Notice of Motion for "leave to file the instant complaint" (the attachment is denominated as "Amended Complaint") in this action, 05 Civ. 5318, then pending before Judge Laura Taylor Swain.[1]  (Notice of Motion 2.)  The proposed Amended Complaint ("Proposed Amended Complaint") names as Defendants:

> UNITED STATES OF AMERICA, STATE OF NEW YORK, INDIVIDUALLY AND AS A U.S. GOVERNMENT AGENCY, OFFICERS OR EMPLOYEES OF THE UNITED STATES (28 U.S.C. 1391(e) (1992 & supp. 1992) OF [FEDERAL DEFENDANT SUPERIOR] UNITED STATE [sic] OF AMERICA; UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, INDIVIDUALLY AND AS A U.S. GOVERNMENT AGENCY, OFFICERS OR EMPLOYEES OF THE UNITED STATES (28 U.S.C. 1391(e) (1992 & supp. 1992) OF [FEDERAL DEFENDANT SUPERIOR] UNITED STATE [sic] OF AMERICA; CITY OF NEW YORK, INDIVIDUALLY AND AS A U.S. GOVERNMENT AGENCY, OFFICERS OR EMPLOYEES OF THE UNITED STATES (28 U.S.C. 1391(e) (1992 & supp. 1992) OF [FEDERAL DEFENDANT SUPERIOR] UNITED STATE [sic] OF AMERICA; UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, INDIVIDUALLY AND AS A U.S. GOVERNMENT AGENCY, OFFICERS OR EMPLOYEES OF THE UNITED STATES (28 U.S.C. 1391(e) (1992 & supp. 1992) OF [FEDERAL DEFENDANT SUPERIOR] UNITED STATE [sic] OF AMERICA.

**The Proposed Amended Complaint**

The Proposed Amended Complaint charges that on March 6, 2006 the Defendants City and State of New York were employed as agents by the United States of America (labeled the "federal superior defendant"), (Proposed Amended Complaint ("Am. Compl.") ¶¶ 6-8, 10); that on March 6, 2006, Defendants United States District Courts for the Southern District of New York[2] and Eastern District of New York,[3] and the Defendant United States Court of Appeals for

---

[1] This case has been subsequently assigned to this Judge by random selection.
[2] Plaintiff cites docket numbers: 99 Civ. 11650, 00 Civ. 1890, 01 Civ. 111614, 03 Civ. 2709, 03 Civ. 2965, 04 Civ. 5736, 04 Civ. 5737, 04 Civ. 5738, and 05 Civ. 5318.

the Second Circuit[4] were agencies of the federal defendant superior, (id. ¶¶ 11-16, 31); and that Defendant George Walker Bush was hired as President and Commander-in-Chief of the federal defendant superior, (id. ¶¶ 17-18).

The Proposed Amended Complaint states that the action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under the Civil Rights Act, 42 U.S.C. § 1983, and that each and all of the acts of Defendants were done by Defendants, not as individuals, but under the authority of their offices as U.S. government agencies, officers or employees of the United States.  (Id. ¶ 19-20.)

As a First Cause of Action, Plaintiff alleges: (1) that on March 6, 2006 at 9:30 a.m. in Room 1305 of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street, New York, New York 10007, Defendants "wrongfully and falsely engaged in enterprise corruption, RICO violations and official misconduct against plaintiff . . . without any rights or grounds therefore," (id. ¶ 27); (2) that on March 6, 2006, the Defendant "wrongfully and falsely accused [Plaintiff] with commencing 'frivolous and malicious' litigation within the meaning of [28 U.S.C. §] 352(b)(1)(A)(iii) . . . and Local Rule 4(c)(3)," (id. ¶ 28); and (3) that Plaintiff was deprived of his constitutional rights and privileges due to enterprise corruption and RICO violations by Defendants District Courts for the Southern District of New York, Eastern District of New York, and for the United States Court of Appeals by Chief Judge Walker on February 21, 2006, (id. ¶¶ 31-32).

The Second Cause of Action charges that on March 6, 2006 at approximately 9:33 a.m. in Room 1305 at the United States Courthouse at 500 Pearl Street, New York, New York,

---

[3] Plaintiff cites docket numbers: 00 Civ. 1685, 00 Civ. 5834, 03 Civ. 2653, 03 Civ. 2795, 03 Civ. 2797, 03 Civ. 2798, 03 Civ. 4355, 03 Civ. 4414, 03 Civ. 4415, 03 Civ. 4966, 04 Misc. 0178, 04 Civ. 0665, 05 Civ. Misc. 0111, 05 Misc. 0112, 05 Misc. 0113, 05 Misc. 0227, 05 Misc. 0243, and 06 Civ. 2083.
[4] Plaintiff cites docket numbers: 04-5066-op; 04-5247-op; 04-5293-op; and 05-1330-cv.

Defendants U.S.D.J. Swain, U.S.M.J. Maas, U.S.D.J. Mukasey, Pro Se Office staff attorneys Emmanuella Souffrant, Jonathan Giovanni, and Pro Se Office clerk, Anthony Daniels, "with great force and violence, violently seized, assaulted and laid hold of the Plaintiff . . . ." (Id. ¶ 39.)  Plaintiff further charges that acting within the scope of their employment these same officials "intentionally, willfully and maliciously assaulted and battered plaintiff . . . without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such batter [sic] in and about his head, neck, back, body and limbs." (Id. ¶ 40.)  By reason of the assault and battery committed by Defendants "acting within the scope of their authority, . . . the plaintiff suffered great body injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled . . . ." (Id. at ¶ 41.)

The Third Cause of Action charges that the Defendant United States of America, was "careless and reckless in hiring" and retaining as its employees the other named defendants in that they "lacked the experience, deportment and ability to be employed by the [United States]." (Id. ¶¶ 43-44.)  Specifically, the United States "failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as [its] employee[s] . . . ." (Id.)  "[T]he enterprise corruption, RICO violations and official misconduct, assault and battery and the resulting injuries to [Plaintiff] were caused wholly and solely by reason of the negligence of [Defendants] . . . ." (Id. ¶ 45.)

The Fourth Cause of Action charges that Defendants "negligently, carelessly and recklessly failed to properly train and supervise their employees," in particular U.S.D.J. Swain, U.S.M.J. Maas, U.S.D.J. Mukasey and Pro Se Office employees Souffrant, Giovanni, and Daniels.  (Id. ¶¶ 48-50.)

The Fifth Cause of Action charges that the "agenc[ies], officers and employees of the United States" injured Plaintiff by "negligently, carelessly, and recklessly" performing their duties, and by conspiring to commit the crimes of "enterprise corruption, RICO violations and official misconduct, [and] assault and battery . . . ."  (Id. ¶¶ 53-57.)

The Sixth Cause of Action charges that on March 6, 2006 at approximately 9:33 a.m. at Room 1305 in the United States Courthouse, 500 Pearl Street, New York, NY, "and at subsequent times [and locations] thereafter, including but not limited to the Eastern District of New York located at 225 Cadman Plaza East Brooklyn . . . and in the United States Court of Appeals for the Second Circuit located at 40 Foley Square," Defendants maliciously prosecuted frivolous charges against Plaintiff while "acting in performance of their employment and within the scope of their authority . . . ."  (Id. ¶¶ 58-66.)  Plaintiff further alleges that Defendants testified falsely and withheld vital information before a Chief Judge of the United States Court of Appeals on February 21, 2006, causing injury to Plaintiff's reputation and deprivation of his liberty.  (Id. ¶¶ 62-65.)

The Seventh Cause of Action alleged in the Proposed Amended Complaint charges that on March 6, 2006 at 9:33 a.m. at Room 1305, United States Courthouse, 500 Pearl Street, New York, New York, Defendants U.S.D.J. Swain, U.S.M.J. Maas, U.S.D.J. Mukasey, and Pro Se Office employees Souffrant, Giovanni, and Daniels, as part of their official employment as public officers and employees of the United States of America, violently persecuted the Defendant by conspiring to commit the crime of enterprise corruption in violation of section 460.20 of the Penal Law.  (Id. ¶¶ 67-69.)

In paragraph Seventieth (a) through (h), Plaintiff asserts that, without Plaintiff's consent, Defendants engaged in enterprise corruption, RICO violations, and official misconduct by 1)

falsely charging Plaintiff with filing frivolous charges in violation of 28 U.S.C. § 352(b)(1)(A)(iii) and Local Rule 4(c)(3); 2) causing an assault and battery by threatening, touching and beating Plaintiff; and (3) failing to properly hire, train, supervise and discipline the individual Defendants, and retaining said Defendants as employees of the United States. (Id. ¶ 70.)

The Seventh Cause of Action also charges that: (1) Defendants prosecuted Plaintiff maliciously, and took illegal actions to falsely arrest and imprison, assault and batter and maliciously prosecute Plaintiff, (id. ¶¶ 71-77); (2) Defendants forced Plaintiff to undergo wholly unsupported charges until all Plaintiff's declaratory rights for relief were dismissed before the Hon. Chief Judge John M. Walker on February 21, 2006 under 28 U.S.C.§ 352(b)(1)(A)(iii), (id. ¶ 72); and (3) that Defendants U.S.D.J. Swain, U.S.M.J. Maas, U.S.D.J. Mukasey, and Pro Se Office employees Souffrant, Giovanni, and Daniels, acting pursuant to order directives from the Defendant United States of America, subjected Plaintiff to a pattern of conduct consisting of illegal harassment, enterprise corruption, RICO violations and official misconduct, assault and battery, false imprisonment and arrest, and malicious prosecution at or near the United States District Court, Southern District of New York, depriving Plaintiff of his rights under 42 U.S.C. § 1983 and Constitutional rights under the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments of the United States Constitution, (id. ¶¶ 67-81). Plaintiff demands ten billion dollars in compensatory damages and ten billion dollars in punitive damages. (Id. ¶ 82.)

In the Eighth Cause of Action, Plaintiff charges that, "by reason of the aforesaid enterprise corruption, RICO violations and official misconduct, false arrest and imprisonment, vicious assault and battery and malicious prosecution caused willfully and maliciously by the defendants . . . [P]laintiff was wrongfully deprived of his rights, privileges, and benefits . . .

under the Constitution of the State of New York; sustained severe, serious and upon information and belief permanent injuries to his head, neck, back, body and limbs including but not limited to a fractured arm"; was confined to his bed and home; and suffered humiliation, pain, distress and injury to his reputation. (Id. ¶¶ 83-84.) Plaintiff demands ten billion dollars. (Id. ¶ 85.)

The Notice of Motion for an order pursuant to Rule 7(b) dated June 19, 2006 was supported by an Affidavit/Affirmation, sworn to by Plaintiff on June 19, 2006. The Affidavit/Affirmation states that deponent was not provided a pre-deprivation hearing, and that "the above entitled defendants has [sic] a history of consolidating and dismissing the civil cases of plaintiff . . . because they were deemed frivolous and sought relief from defendants, who were immune, by act's [sic] that deprive a citizen of the trial due process of law guarantees him . . . ." (Aff. of June 19, 2006 at 3-4.) The Affidavit/Affirmation continues:

> Unless this civil, criminal and constitutional matter is resolved to my satisfaction immediately per our understanding, and you provide me with the relief sought without further damages to me, or if I am dissatisfied with the resolution of my complaint, I will bring the matter to the attention of the Supreme Court of the United State [sic] and Congress to enforce my rights. I will also consider instituting legal civil & criminal action against The United States of America, et al, The State of New York et al, The City of New York et al.

(Id. 4.)

The Notice of Motion requests relief either before the same judge or a new judge on the grounds that Plaintiff has been prejudiced by: (a) corruption, fraud or misconduct in procuring the decision; (b) factual errors, omissions, or a miscalculation or mistake in the decision process; or (c) the judge exceeding his power or imperfectly executing it so that a favorable decision was not made. (Id. 5.)

Attached to the June 19, 2006 Notice of Motion with supporting Affidavit/Affirmation and the Proposed Amended Complaint is a Notice of Motion pursuant to Rule 15(a) of the

Federal Rules of Civil Procedure with its own supporting Affidavit/Affirmation of Plaintiff, both dated June 6, 2006.  The June 6 documents cite nine Southern District docket numbers and eighteen Eastern District docket numbers, and request a hearing and determination before the judge or a new judge "upon grounds that [P]laintiff has been prejudiced by: (a) corruption, fraud or misconduct in procuring the decision; or (b) factual errors or omissions, a miscalculation or a mistake in the decision process upon a matter not submitted to them; or (c) the judge, or agency or person making the decision exceed[ing] his power or so imperfectly execut[ing] it that a final and definite 'favorable termination' upon the subject matter submitted was not made . . . ."  (Aff. of June 6, 2006 at 3.)  Also attached is an affirmation of service, an application for appointment of counsel dated June 9, 2006, a request to Proceed in Forma Pauperis dated June 9, 2006, an Order to Show Cause for contempt and for civil penalties against the federal Defendants with an affidavit in support of the motion to punish for contempt sworn to by Plaintiff on June 6, 2006, and other attachments.

## Discussion

Plaintiff's application of June 19, 2006 to file the Proposed Amended Complaint in this proceeding is DENIED.  The Defendant in this court proceeding is the YWCA of Greater New York.  Nowhere in the Proposed Amended Complaint is there any claim asserted against the YMCA of Greater New York.  Accordingly, the Proposed Amended Complaint, which only names defendants other than the YMCA, cannot be filed in this action.

Plaintiff should also note that Chief Judge Mukasey's order of June 6, 2005 ruled that Plaintiff could proceed only against YMCA of Greater New York as the sole Defendant in this action.  On June 6, 2005, Judge Mukasey also dismissed Plaintiff's claims in this action against the United States, President Bush and unnamed federal, state and city agencies on the grounds

the Plaintiff's claims were unmeritorious and against defendants who have immunity from the claims in this action.  See Bradley v. Fisher, 80 U.S. 335, 351 (1871) (stating the principle that judges of general authority are "not liable in civil actions for their judicial acts, even when such acts [are] in excess of their jurisdiction"); see also Pierson v. Ray, 386 U.S. 547, 553-554 (1967). Accordingly, Plaintiff was barred by the Chief Judge of this Court from amending his complaint to charge President Bush, the United States, the court, and employees of the court with violations of law.  (Order, June 6, 2005.)

If Plaintiff decides to apply to the Court through the Pro Se Office for permission from the Chief Judge – a procedure required by Chief Judge Mukasey's order of December 29, 2004 – to file in a separate proceeding the claims contained in the Proposed Amended Complaint dated June 18, 2006, it is ordered that, with respect to his claims of assault and battery and false arrest and imprisonment,  Plaintiff separately state as to each defendant: (1) the time and exact location of each substantive act, (2) the nature of the act of each defendant which caused injury or damage to Plaintiff, and (3) the nature of the injury or damage caused by the act of that defendant.

Further, Plaintiff's Notice of Motion for rehearing and a determination, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure dated June 19, 2006 is denied for the reasons previously stated in this opinion; namely, because Plaintiff is seeking to charge persons in this proceeding whom he has previously been barred from proceeding against in this proceeding.

Accordingly, all the aforementioned applications and motions by Plaintiff are DENIED; this case is closed.

IT IS SO ORDERED.

Dated: New York, New York
      September 6, 2006

                                            Robert P. Patterson, Jr.
                                            U.S.D.J.

Copies of this order sent to:

***Plaintiff Pro Se***

Israel Valle
119-23 145 St.
South Ozone Park, NY 11436

***Counsel for Defendant***

Drier LLP
499 Park Avenue
New York, NY 10022
By:   M. Alexis Pollock, Esq.
      David R. Lagasse, Esq.
Tel:  212-328-6100
Fax:  212-652-3789