UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ISRAEL VALLE,

      Plaintiff,      05 Civ. 5318 (RPP)

  - against -       **ORDER ACCEPTING**
              **MAGISTRATE'S REPORT**
YMCA OF GREATER NEW YORK, et al.,

      Defendants.
-----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

  On July 6, 2006, Magistrate Judge Frank Maas filed a Report and Recommendation to the Honorable Laura Taylor Swain[1] recommending that the motion of defendant YMCA of Greater New York ("YMCA") to dismiss the Third Amended Complaint ("April 2006 Amended Complaint") of Plaintiff Israel Valle pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure be granted.[2]

  On July 10, 2006, Plaintiff filed an Objection to the Report and Recommendation ("Objection") which asked, without stating any specific grounds, that the Report and Recommendation be dismissed in its entirety and/or judgment entered in favor of Plaintiff and against the Hon. Frank Maas, U.S.M.J., as well as for sanctions and reasonable attorney's fees. Plaintiff charged that the allegations against him "are all lies and contrary to the true facts having no moral goodness," and that the Report and Recommendation's "main course is to use the

---

[1] Judge Swain recused herself from this action upon receipt of Plaintiff's motion seeking to file an Amended Complaint against her and other judges and federal employees for, inter alia, assault and battery and false arrest and imprisonment. The case was then randomly assigned to this Judge.

[2] The Report and Recommendation also recommended that Plaintiff be denied a certificate of appealability because any appeal from the dismissal of Plaintiff's claims could not be taken in good faith.

judicial system out of spite and without any legal or factual foundation to obtain by subterfuge an advisory opinion or precedent-setting decision from the court." (Objection ¶ 2.) He requests sanctions "to discourage the judicial abuses and denial of citizens' rights to due process of law in the federal courts." (Id.)

Plaintiff further asserted in his Objection that on September 14, 2005, he submitted a Second Amended Complaint to: the Pro Se Office staff; Natalie Sobchak, Sr. Staff Attorney; Staff Attorneys Emmanuella Souffrant and Jonathan Giovanni; and Pro Se Clerk Anthony Daniels. (Objection ¶ 3(b).) This Second Amended Complaint "contained inaccuracies that were severely affecting [his] case." (Id.) On October 3, 2005, Plaintiff asserts a Third Amended Complaint was filed without his knowledge. (Objection ¶ 3(c).) Plaintiff asserts that on September 22, 2005, he "filed a 'New Civil Action Complaint' against the YMCA of Greater New York" with the same Pro Se Office staff, which was subsequently "mishandled, misidentified and mislaid," being wrongfully and deceitfully labeled as a "3rd Amended Complaint." (Objection ¶ 3(d)-(e).) Plaintiff's statements suggest that Judge Maas rendered a Report and Recommendation on the wrongfully labeled Third Amended Complaint that Plaintiff asserts was filed without his knowledge. (Objection ¶ 3(e)-(f).)

On May 19, 2006, however, Plaintiff submitted for filing a new amended "Complaint" verified on May 17, 2006 ("May 2006 Amended Complaint"). This most recent amended complaint charges the YMCA and persons employed by the YMCA with discriminating against Plaintiff, as well as with RICO and 42 U.S.C. § 1983 violations. These are the identical claims set forth in the April 2006 Amended Complaint, which was the main subject of Judge Maas's Report and Recommendation. Attached to the May 2006 Amended Complaint is a March 24, 2006 EEOC letter advising Plaintiff of his right to sue.

This Court permits Plaintiff's May 2006 Amended Complaint to be filed. Thus, it supersedes all previous amended complaints in this action, giving them no legal effect. See Harris v. City of New York, 186 F.3d 243, 249 (2d Cir. 1999) (An amended complaint ordinarily supersedes the original and renders it of no legal effect.). The May 2006 Amended Complaint is virtually identical to the April 2006 Amended Complaint; it makes the same claims in the same conclusory fashion. Consequently, this Court views Defendant's motion papers and Magistrate Judge Maas's Report and Recommendation as equally applicable to the May 2006 Amended Complaint as to the April 2006 Amended Complaint. If the Report and Recommendation is equally applicable to both amended complaints and if the Report and Recommendation is accepted by this Court, Plaintiff's objections relating to the Pro Se Office's handling of all earlier amended complaints are irrelevant and mooted.

**Decision**

The Court has considered Magistrate Judge Maas's Report and Recommendation and has reviewed the May 2006 Amended Complaint as well as the April 2006 Amended Complaint. This Court concludes that the Report and Recommendation is equally applicable to both amended complaints and agrees with the Report's recommendations. Accordingly, it is hereby

ORDERED that Plaintiff's May 2006 Amended Complaint is accepted by the Court and supercedes all previous amended complaints in this action;

ORDERED that the Report and Recommendation issued by Magistrate Judge Frank Maas on July 6, 2006 is accepted in accordance with 28 U.S.C. § 636(b); and it is further

ORDERED that, in accordance with the Report and Recommendation issued by Judge Maas, the May 2006 Amended Complaint of Israel Valle against the Defendant YMCA and other Defendants is dismissed for failure to state a claim upon which relief may be granted.

As Plaintiff's objections to the Report and Recommendation present no question of substance for appellate review, a certificate of appealability will not be issued. Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that no appeal from this order would be taken in good faith and, accordingly, Plaintiff's requests for counsel are denied. This case is closed.

Plaintiff is further instructed that he may file no further actions in this Court against any party without permission from the Chief Judge of this Court then presiding.

IT IS SO ORDERED.

Dated: New York, New York
September 6, 2006

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this order sent to:

*Plaintiff Pro Se*

Israel Valle
119-23 145 St.
South Ozone Park, NY 11436

*Counsel for Defendant*

Drier LLP
499 Park Avenue
New York, NY 10022
By:   M. Alexis Pollock, Esq.
      David R. Lagasse, Esq.
Tel:  212-328-6100
Fax:  212-652-3789

Hon. Frank Maas
United States Magistrate Judge

4